# MASSIMI LAW PLLC
99 Wall Street, Suite 1264
New York, NY 10005
Jessica.Massimi@gmail.com

646-241-9800

December 15, 2023

**VIA ECF**
Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> **Re:**  **Baker v. The Bridge, Inc., et al.,**
> **23 CV 4416 (LGS)**

Your Honor:

I represent the Plaintiff. This letter motion is respectfully submitted pursuant to Rule II.B.2 of Your Honor's Individual Rules of Practice to request an Order compelling the production of the following documents from Defendants. This is Plaintiff's first motion to compel these documents, and Plaintiff's third motion to compel against Defendants. *See* ECF Nos. 31, 35, 38.

Today at 10:00 a.m. counsel for the parties met and conferred by phone for 30 minutes, but were unable to resolve the following issues. The relevant discovery demands and objections are attached hereto as Exhibit 1.

**Defendants' and Non-Party Employee Sophia Vindeni's Personnel Files, Performance Evaluations and Job Reviews – Plaintiff's Document Demands 11 and 23[1]**

Plaintiff seeks the personnel files of Defendants Anthea Sutherland, Sheryl Silver, and non-party witness Sophia Vindeni. Defendants have objected. The parties met and conferred on this and Defendants maintain their position that they will not disclose the personnel files. The personnel files are discoverable because they typically include information relating to education, resumes, professional accomplishments and/or reprimands, prior complaints of discrimination by and against each individual, completion of training regarding discrimination and retaliation, and training and qualifications for implementing and enforcing the non-discriminatory policies and corrective procedures Defendants claim to have in place in their Sixteenth Affirmative Defense.

---

[1] Plaintiff has two typos in Demand No. 11, naming two Defendants from a prior case. Today, the parties discussed the substance of this demand, disregard Plaintiff's mistaken reference.

Rule 26(b)(1), as amended on December 1, 2015, recognizes that "[i]nformation is discoverable . . . if it is relevant to any party's claim or defense and is proportional to the needs of the case." Rule 26 Advisory Committee Notes to 2015 Amendments. Defendants have alleged an astonishing total of 50 affirmative defenses. In their Sixteenth Affirmative Defense (Defendants' Answer, ECF No. 19), Defendants allege that that "Defendants maintain and enforce policies that prohibit unlawful discrimination and retaliation in the workplace and provides a mechanism by which employees may seek redress for such instances". The Plaintiff should be permitted to test this defense through discovery of qualifications of the Defendants, and discrimination and harassment complaints against the Defendants.

Further, Personnel files of individuals alleged to have engaged in the discrimination are discoverable because they engaged in the discrimination and retaliation. *Diaz v. Local 338 of the Retail, Wholesale Dep't Store Union*, 2014 U.S. Dist. LEXIS 124394, *7, 2014 WL 4384712; *see also Dzanis v. JPMorgan Chase & Co.*, 2011 U.S. Dist. LEXIS 137356, *12, 2011 WL 5979650 ("Because Thorp is alleged to have participated in the discriminatory conduct at issue here, the information Contained in his personnel file—including any complaints of discrimination or retaliation, or disciplinary actions—would be directly relevant to [the Plaintiff's] claims.").

## Investigation – Plaintiff's Document Demand 26

In response to Plaintiff's document demand 26, Defendants state that there was no investigation into Plaintiff's claims of discrimination or the subject incidents alleged in the complaint. But, while, Defendants' Forty-Eighth Affirmative Defense states that "Plaintiff's claims are barred because she failed to exhaust the grievance process as outlined in her Collective Bargaining Agreement," at ECF No. 20, Defendants state that Plaintiff fully grieved the matter. If she did, Defendants would have surely participated in this grievance process and presumably would have conducted even a cursory investigation. Further, in their Sixteenth Affirmative Defense, Defendants imply that they took corrective measures by stating that Plaintiff "failed to take advantage of [Defendants'] corrective opportunities." Given Defendants claims that Plaintiff was permitted to fully grieve this matter, and their claim that she did not take advantage of Defendants' corrective measures, it seems there was in a fact some type of investigation.

Defendants investigative file or any communications and documents reflecting their investigation should be disclosed. "When an employer puts the reasonableness of an internal investigation at issue by asserting the Faragher/Ellerth defense, the employer waives any privilege that might otherwise apply to documents concerning that investigation. This waiver encompasses not only the report itself, but all documents, witness interviews, notes and memoranda created as part of and in furtherance of the investigation. Any document or communication considered, prepared, reviewed, or relied on by [the defendant] in creating or issuing the [investigatory report] must be disclosed to [the] plaintiff." *Koumoulis v. Indep. Fin. Mktg. Group*, 295 F.R.D. 28, 41, 2013 U.S. Dist. LEXIS 157299, *29-30, 2013 WL 5934032 (internal citations and quotation marks omitted).

**Other Complaints of Pregnancy Discrimination – Plaintiff's Document Demands 29 and 30[2]**

Similar to Plaintiff's above arguments, evidence of other complaints of pregnancy discrimination, and other complaints filed with administrative agencies are discoverable because they go to Defendants Sixteenth Affirmative Defense where they claim that "Defendants maintain and enforce policies that prohibit unlawful discrimination and retaliation in the workplace and provides a mechanism by which employees may seek redress for such instances."

**Annual Income Statements and State and Federal Tax Returns for the Corporate Defendant – Document Request Number 31**

Plaintiff respectfully submits that some financial information such as, at least, "financial affidavits listing Defendants' assets, liabilities, and general net worth" should be produced. *Hamm v. Potamkin*, 1999 U.S. Dist. LEXIS 5948, *8, 1999 WL 249721(RWS) (S.D.N.Y. April 28, 1999) (finding financial information discoverable where Plaintiffs were seeking punitive damages). Plaintiff is seeking punitive damages in this case.

**Documents Relating to Defendants' Affirmative Defenses – Plaintiff's Document Demand 38**

Defendants have asserted fifty affirmative defenses. In response to this demand for them to support these numerous affirmative defenses with discovery, Defendants state in part that "they are still searching for documents responsive to this request and shall provide any non-privileged responsive documents in a supplemental response." They have not provided these documents nor have they provided a date by when they expect to provide them. As such, Plaintiff respectfully requests that the Court order Defendants to produce these documents by a date certain.

Plaintiff thanks the Court for its time and consideration.

Respectfully submitted,

*Jessica Massimi*
_____
Jessica Massimi, Esq.

---

[2] Plaintiff's counsel was not able to fully discuss the below remaining discovery disputes with Defendants today because they abruptly and unilaterally ended the meet and confer after I asked them if they would agree to adjourn the meet and confer such that we could have a court reporter present.  My request for us to have a court reporter present followed their disruptive reaction to the issue of disclosing Defendant Sutherland's personnel file. In any event, I ask that the Court consider Plaintiff to have complied with the meet and confer requirement since Defendants unjustifiably ended the call preventing me from completing the meet and confer.