

Bradley J. Bartolomeo  
77 Water Street, Suite 2100  
New York, New York 10005  
Bradley.Bartolomeo@lewisbrisbois.com  
Direct: 212.232.1398

December 18, 2023                                                                                          File No. 50031.2317

**VIA ECF**

The Honorable Lorna G. Schofield  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, NY 10007

      Re:   *Baker v. The Bridge, Inc., et al.*  
             Docket No. 23-cv-4416 (LGS)

Dear Judge Schofield:

      We represent Defendants The Bridge, Inc., Anthea Sutherland, and Sheryl Silver (collectively "Defendants") in the above-referenced matter. I write in opposition to Plaintiff's counsel's December 15, 2023 motion to compel [Dkt. 40] to correct the gross misrepresentations by Plaintiff's counsel in her motion, and to request that the Court take effective action to reign in opposing counsel in order to ensure that Defendants are not further prejudiced by Plaintiff's counsel's obstructive tactics, by referring this matter to a Magistrate Judge for purposes of supervising all discovery.

      The only true statement made in Plaintiff's letter is that commencing at 10:00 am last Friday, counsel met to attempt to meet and confer and resolve outstanding discovery deficiencies. While the parties began discussing personnel files, and Defendants offered a compromise position, the parties did not exhaust their meet and confer obligations on this issue.

      Further, and in direct contravention of the representations made by counsel to this Court, at no point did the parties ever have an opportunity to meet and confer during the call about the four other categories of documents Plaintiff's counsel now seeks to compel. The sole reason why the parties did not reach a discussion on those issues (and conveniently – any of the issues raised in Defendants' deficiency letter to Plaintiff) is that Plaintiff's counsel became belligerent when Defendants offered a compromise position and proposed turning over only the portion of the personnel files related to complaints by Plaintiff about the individually-named Defendants and non-party.

      On the heels of stating Defendants' opposition, Plaintiff's counsel launched a barrage of ad hominem attacks on Defendants' counsel's personal character. I was compelled in the fact of this

Honorable Lorna G. Schofield
December 18, 2023
Page 3

conduct to advise Plaintiff's counsel that the call would need to be rescheduled to a time when she could approach the discussion in a calm, civil and professional manner as is mandated by this Court's Individual Rules. When advised of our intent to end the call, Plaintiff's counsel did not moderate her conduct; instead, she abruptly hung up.

This type of conduct has been pervasive in this matter, with counsel berating the undersigned and his associate repeatedly over even the simplest of requests, i.e., an extension of time to respond to the Complaint.

Even more important than the conduct at issue is the impact it is having on Defendants' ability to proceed to develop the facts needed to defend this case by timely obtaining the necessary, relevant, and proportional discovery they are entitled to. For example, Defendants' counsel has received no response to the deficiencies outlined in their December 10 letter. Rather than providing the responses to which Defendants are entitled, Plaintiff instead invests energy and time in making premature motions in a (mis)calculated effort to put Defendants at a disadvantage. As Your Honor is aware, we were required to address similar conduct previously when counsel refused to provide an authorization for months until the Court directed her to provide it.

Accordingly, while Defendants are ready, willing and able to provide substantive arguments in support of their position on the issues raised in counsel's letter, and we are eager to resolve the deficiencies in Plaintiff's discovery responses (which are many), Defendants respectfully submit that doing so in this letter is premature because Your Honor's rules have been violated inasmuch as no meet and confer process has been completed. We respectfully submit that the matter should be referred to a Magistrate Judge to supervise discovery, including any discussions between counsel as part of a meet and confer process and then to rule as necessary on any issues that cannot be resolved in good faith. Alternatively, if the Court prefers, we can forego further meet and confer exchanges and respond to Plaintiff's letter and address the deficiencies in Plaintiff's responses.

Based on the foregoing, we request an award of the fees incurred in connection with this letter exchange which is occupying the Court's attention solely as a result of counsel's refusal to abide by the Local Rules and Your Honor's Individual Rules in respect of the well-established meet and confer prerequisite to filing letter motions to compel.

We appreciate Your Honor's consideration of this matter.

Respectfully,

/s/ Bradley J. Bartolomeo

Bradley J. Bartolomeo of
LEWIS BRISBOIS BISGAARD & SMITH LLP

cc:     **_All Counsel of Record_**

133271549.1