# MASSIMI LAW PLLC
99 Wall Street, Suite 1264
New York, NY 10005
Jessica.Massimi@gmail.com
646-241-9800

December 18, 2023

**VIA ECF**
Honorable James L. Cott
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: **Baker v. The Bridge, Inc., et al.,**
      **23 CV 4416 (LGS)**

Your Honor:

  I represent the Plaintiff. This reply is respectfully submitted in further support of Plaintiff's motion to compel at ECF No. 40. In their opposition at ECF No. 41, Defendants do not cite a single case warranting denial of Plaintiff's motion. Instead, Defendants request their own relief though they have not filed a proper motion: "that the Court take effective action to reign [sic] in opposing counsel." Mr. Bartolomeo's misogyny and sexism are on fully display. As a partner at his law firm, he should know how to use language that does not refer to female attorneys as horses. Mr. Bartolomeo's public language, however, is a small glimpse into how he speaks to me when I am attempting to resolve basic discovery disputes with him privately. My mere attempts to resolve basic discovery disputes with Mr. Bartolomeo are met by him with disbelief and outrage.

  Nonetheless, the record demonstrates that Plaintiff's motions in this case – far from being "obstructive" as Defendants claim – have been necessary and effective at achieving her requested relief. Prior to this instant motion, Plaintiff filed two motion to compel the Defendants to schedule depositions. ECF Nos. 31 and 35. The Court granted Plaintiff's motion over Defendants' objections. ECF No. 39. Without the Court's assistance, Defendants would have never scheduled their depositions.

  The Court also declined to grant much of the relief requested by Defendants, such as the production of certain authorizations from Plaintiff, instead instructing the Defendants to resolve their purported discovery disputes with Plaintiff by serving additional interrogatories and document requests, which Defendants have not done.

Defendants' opposition blatantly misrepresents what happened during counsels' call on Friday. Mr. Bartolomeo ended the call in no uncertain terms by informing me "this call is over." Defendants now falsely claim in their letter that they have received no response to the deficiencies outlined in their December 10th letter.  Mr. Bartolomeo is complaining about the consequences of his own actions. At Defendants' request, Friday's meet and confer was specifically scheduled in part to discuss Defendants' December 10th deficiency letter.  So, I don't know what Mr. Bartolomeo is referring to when he says Plaintiff never responded to his deficiency letter. I spent a great deal of time preparing for Friday's meet and confer by going over Defendants' deficiency letter only for Mr. Bartolomeo to prematurely end the call.

For the foregoing reasons, and especially because Defendants have provided no actual legal support for denying Plaintiff's motion, Plaintiff respectfully requests that the Court grant her motion at ECF No. 40.

Plaintiff thanks the Court for its time and consideration.

Respectfully submitted,

*Jessica Massimi*
_____
Jessica Massimi, Esq.