USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  __1/24/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

TATIANA BAKER,                                    Case No. 23-cv-04416 (LGS)(JLC)

                                    Plaintiff,      **STIPULATED CONFIDENTIALITY
                                                    AGREEMENT AND
             -against-                              PROTECTIVE ORDER**

THE BRIDGE, INC., SHERYL SILVER,
*INDIVIDUALLY*, AND ANTHEA
SUTHERLAND, *INDIVIDUALLY*,

                                    Defendants.
----------------------------------------------------------------X

JAMES L. COTT, United States Magistrate Judge:

        WHEREAS, all parties to this action (collectively the "Parties" and individually a "Party")

request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c)

to protect the confidentiality of nonpublic and competitively sensitive information that they may

need to disclose in connection with discovery in this action;

        WHEREAS, the Parties, through counsel, agree to the following terms; and

        WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored

confidentiality order governing the pretrial phase of this action,

        IT IS HEREBY ORDERED that any person subject to this Order – including without

limitation the Parties to this action (including their respective corporate parents, successors, and

assigns), their representatives, agents, experts, and consultants, all third parties providing

discovery in this action, and all other interested persons with actual or constructive notice of this

Order — will adhere to the following terms, upon pain of contempt:

        1.        With respect to "Discovery Material" (i.e., information of any kind produced or

disclosed in the course of discovery in this action) that a person has designated as "Confidential"

pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2.      The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a)  previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b)  previously non-disclosed material relating to ownership or control of any non-public company;

(c)  previously non-disclosed business plans, product-development information, or marketing plans;

(d)  any information of a personal or intimate nature regarding any individual;

(f) medical records or communication regarding medical conditions; or

(e)  any other category of information this Court subsequently affords confidential status.

3.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record

during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5.      If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

6.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)   the Parties to this action, their insurers, and counsel to their insurers;

(b)   counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)   outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)   any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)   as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)   any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)   any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)   stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)   this Court, including any appellate court, support personnel, and court reporters.

8.      Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement. Said counsel must retain each signed Non-Disclosure Agreement and produce it to opposing counsel when a demand for same is made.

9.      The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

10.      In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. Documents may be filed under seal only as provided in Judge Cott's Rule II.G.

11.      Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Practices.

12.      A heightened level of protection will be afforded to Discovery Material designated as "Highly Confidential/Attorneys' Eyes Only." A designation of "Highly Confidential/Attorneys' Eyes Only" may be made by any producing or designating party only after such party has made a good faith determination that the Discovery Material includes or constitutes highly confidential or

5

proprietary information which, if disclosed to the other party, rather than to its counsel, could result in serious injury or harm to the producing or designating party's interests. The producing or designating party producing any Discovery Material may designate as "Highly Confidential/Attorneys' Eyes Only" only such portion of such material as consisting of the "Highly Confidential/Attorneys' Eyes Only" material. A party may designate Discovery Material that it deems highly confidential as being "Highly Confidential/Attorneys' Eyes Only," following the same procedure as set forth in paragraph 3 above. Designation of such highly confidential Discovery Material shall be made by stamping or otherwise clearly marking as "Highly Confidential/Attorneys' Eyes Only" on the document in a matter that will not interfere with the legibility or audibility of the document. Multi-paged Discovery Material shall be stamped "Highly Confidential/Attorneys' Eyes Only" on each page so designated. If Discovery Material cannot be so labeled, it must be designated "Highly Confidential/Attorneys' Eyes Only" in some other conspicuous manner.

13.     If at any time prior to the trial of this action, a producing party realizes that some portion(s) of Discovery Material that was previously produced without limitation should be designated as "Confidential" or "Highly Confidential/Attorneys' Eyes Only," that party may so designate by apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as "Highly Confidential/Attorneys' Eyes Only" under the terms of this Order.

14.     Any Party who requests additional limits on disclosure (such as "Attorneys' Eyes Only" as set forth in paragraph 13), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the

request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Practices.

15.     Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

16.     Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17.     Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18.     Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms it has

not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys the Parties have specifically retained for this action may retain an archival copy of their working files, even if materials contain Confidential Discovery Material. Any archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

19.     This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

20.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations or to impose sanctions for any contempt thereof.

21.     The Parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

SO STIPULATED AND AGREED.

Dated: 1/23/2024

/s Jessica Massimi

Jessica Massimi, Esq.
*Attorneys for Plaintiff*
99 Wall Street, Suite 1264
New York, New York 10005
Jessica.massimi@gmail.com

Dated: 1/23/2024

Bradley J. Bartolomeo

Bradley J. Bartolomeo, Esq.
Lewis Brisbois Bisgaard & Smith LLP
*Attorneys for Defendants*
77 Water Street, Suite 2100
New York, New York 10005
bradley.bartolomeo@lewisbrisbois.com

**SO ORDERED.**

Dated   January 24, 2024
        New York, New York

JAMES L. COTT
United States Magistrate Judge

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TATIANA BAKER,

                    Plaintiff,                 Case No. 23-cv-04416 (LGS)(JLC)

        -against-                    **NON-DISCLOSURE AGREEMENT**

THE BRIDGE, INC., SHERYL SILVER,
*INDIVIDUALLY*, AND ANTHEA
SUTHERLAND, *INDIVIDUALLY*,

                    Defendants.
---------------------------------------------------------------X

      I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

                                 _____

                    Dated: _____