USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/10/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TATIANA BAKER,

                   Plaintiff,

          -against-

THE BRIDGE INC. et al.,

                   Defendants.

23-CV-04416 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

    Defendants' motion for reconsideration of the Court's Order denying Defendants' motion to re-open discovery is **DENIED**.

    "A motion for reconsideration will be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). The decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

    Defendants have not raised any grounds justifying reconsideration. In the motion before the Court, Defendants raised new arguments regarding their reliance on a representation made by Plaintiff in her supplemental discovery responses dated December 13, 2023. Raising a new argument on a motion for reconsideration that was not raised in the original motion is not permissible. *See Davidson*, 172 F. Supp. 2d at 461 ("A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court."). Even if the argument had been raised in Defendants' original motion, the motion would still have been denied for substantially the same reasons articulated by the Court during the conference on August 27, 2024.

    Additionally, even considering the shorter period of time between May 29, 2024 (the date of Plaintiff's deposition and the purportedly revelatory admissions about her employment at ProMed) and the close of fact discovery on June 20, 2024, as articulated by Defendants in their motion for reconsideration, Defendants were clearly aware of the need to conduct further discovery regarding Plaintiff's employment at ProMed Staffing Resources well in advance of the close of discovery, but they failed to raise the issue with Judge Cott or to seek an extension of discovery deadlines. In fact, Judge Cott had issued numerous orders regarding discovery in this case, including warnings regarding requests for the extension of discovery. Defendants' failure to raise the issue with Judge Cott and their belated raising of the issue with the undersigned appears to be an attempt to evade Judge Cott's authority and instead hope for a better outcome before a different judge, which will not be countenanced.

    For all of the reasons stated above, and the reasons stated on the record at the previous conference in this matter, the motion for reconsideration is DENIED.

      The Clerk of Court is directed to terminate Dkt. No. 85. To the extent Plaintiff's counsel wishes to make a motion for attorneys' fees, as requested in her opposition letter at Dkt. No. 86, any such motion, with supporting documentation, must be made by **September 23, 2024**.

Dated: September 10, 2024
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge